Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3425 | **DATE** | 6/21/13 |
| **CASE TITLE** | Darrell D. Wilson (#2013-0129083) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $6.91 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608 to facilitate compliance with the order. However, Defendants Eberhart and Stevenvogh are dismissed as Defendants. The Clerk shall issue summonses to Defendants Dart, Bibbs, Unseld, and Martin, and the U.S. Marshal is directed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for attorney representation [#3] is denied.

■ [**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that on March 20, 2013, he fell off of an electric vehicle at the Cook County Jail while working at his assignment in the Jail laundry. Plaintiff alleges that his back was bruised as a result of the fall. He further alleges that there is a policy at the jail of inadequate and unenforced safety rules.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.91. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act as to Defendants Bibbs, Unseld, and Martin. *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996). Plaintiff has further pleaded a custom policy of inadequate safety rules and enforcement relating to work assignments at the jail. While a more fully developed record may belie the Plaintiff's allegations, these Defendants must respond to the complaint.

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

However, Plaintiff has failed to adequately plead a claim as to Defendants Eberhart and Stevenvogh. He has named them as Defendants but makes no allegation against them in the body of his complaint. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of FED. R. CIV. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). It is a plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. 544, 555 (citations omitted). Plaintiff has failed to plead sufficiently as to Defendants Eberhart and Stevenvogh to give them adequate notice of any claim. To the extent Plaintiff names them because they are in supervisory positions at the Jail, that allegation in and of itself is insufficient to state a claim against them. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff's complaint is dismissed as to Defendants Eberhart and Stevenvogh, without prejudice to Plaintiff filing an amended complaint giving them appropriate notice of how their action/inaction violated Plaintiff's rights.

The Clerk shall issue summonses for service of the complaint on Defendants Dart, Bibbs, Unseld, and Martin (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.